IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| ALEXANDER B. MORALES,<br><br>Petitioner,<br><br>vs.<br><br>WARDEN OF MONTANA STATE PRISON;<br><br>Respondent. | Cause No. CV 21-60-BU-BMM-JTJ<br><br><br>ORDER AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

On August 9, 2021, pro se petitioner Alexander B. Morales filed a "Petition for a Hardship" requesting that he be transferred back to his home state of Massachusetts. (Doc. 1.) Out of an abundance of caution, this Court construed the filing as a petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Mr. Morales was directed to file an Amended Petition. See, (Doc. 3.) He was further advised that this Court may grant habeas relief only when a petitioner shows that his custody violates federal law and that, accordingly, he must identify a violation of a federal law, treaty, or constitutional provision in order to obtain relief. *Id.* at 2, citing, 28 U.S.C. § 2254(a); *Williams v. Taylor*, 529 U.S. 362, 374-75 (2000).

Mr. Morales subsequently filed an Amended Petition, (Doc. 5), Motions to

1

Proceed in Forma Pauperis, (Docs. 4 & 7), and a Motion to Appoint Counsel. (Doc. 8.) Each will be addressed herein.

### I.  Motion to Proceed In Forma Pauperis

Mr. Morales has motioned this Court to proceed in forma pauperis. See, (Docs. 4 & 7.) Because there is no reason to delay this matter further, the request to proceed in forma pauperis will be granted.

### II.  28 U.S.C. § 2254 Petition

Mr. Morales acknowledges he is not currently under a judgment of conviction entered in the State of Montana. See, (Doc. 5 at 2-3.) It appears he was transferred to the Montana State Prison ("MSP") pursuant to the Interstate Corrections Compact ("ICC"). Mr. Morales states he has attempted to secure his transfer back to Massachusetts by utilizing the channels available to him at MSP, to no avail. *Id*. at 5-6. He explains that his family cannot travel from Massachusetts to see him and he believes that fact, coupled with the current COVID-19 pandemic, constitutes a significant hardship warranting this Court's intervention. *Id*. at 1-2. He asks for an order transferring him back to his home state.

### III.  Analysis

As a preliminary matter, it does not appear that Mr. Morales' claim sounds in habeas, because he seems to challenge the conditions of his confinement rather

than the fact or duration of his confinement. See e.g., *Wilkinson v. Dotson*, 544 U.S. 74, 79 (2005) (explaining that an action under 42 U.S.C. §1983, rather than habeas corpus, is proper if success on the merits would not "necessarily have meant immediate release or a shorter period of incarceration"). But even assuming Mr. Morales' claim is properly brought in a federal habeas action, the claim is not cognizable. As set forth above, federal habeas corpus relief is available only for violations of the Constitution or laws or treaties of the United States. See also, 28 U.S.C. §2254(a); see also, *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Mr. Morales has no federal constitutional right to be housed in a particular prison or in a particular state. *Olim v. Wakinekona*, 461 U.S. 238 (1983).

Moreover, the ICC is an agreement between states, territories, and the District of Columbia, which sets forth procedures governing the interstate transfer of prisoners. See, Mont. Code Ann. §§ 46-19-401 & 402. A state compact is transformed into federal law, and thus may be the basis for a federal constitutional action, when (1) it falls within the scope of the Constitution's Compact Clause, (2) it has received congressional consent, and (3) its subject matter is appropriate for congressional legislation. *Ghana v. Pearce*, 159 F.3d 1206, 1208 (9th Cir. 1998) (some internal citations omitted). The Ninth Circuit has explained, however, with respect to the ICC, such a compact is not federal law because the procedures governing the transfer of prisoners "are a purely local concern and there is no

3

federal interest absent some constitutional violation in the treatment of these prisoners." *Id*. While Mr. Morales may desire to return to Massachusetts, he has failed to demonstrate that his current conditions constitute an "atypical and significant hardship" upon him "sufficient to give rise to an interest protected by the Fourteenth Amendment." *Id.* at 1208-09 (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)).  Accordingly, the petition will be denied.

### IV. Motion to Appoint Counsel

Mr. Morales requests the appointment of counsel.  Counsel must be appointed "when the case is so complex that due process violations will occur absent the presence of counsel," *Bonin v. Vasquez*, 999 F.2d 425, 428-29 (9th Cir. 1993) (discussing *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986) (per curiam)), or when an evidentiary hearing is required, Rule 8(c), Rules Governing § 2254 Cases.  Counsel may be appointed at any stage of the proceedings if "the interests of justice so require."  18 U.S.C. § 3006A(a)(2)(B).  Under § 3006A, the court must consider the likelihood of success on the merits, the complexity of the legal issues involved, and the petitioner's ability to articulate his claims pro se. *Weygandt v. Look,* 718 F.2d 952, 954 (9th Cir. 1983) (per curiam).

Mr. Morales' case is not so complex that his right to due process will be violated if counsel is not appointed.  Because his petition does not set forth a cognizable basis for federal relief, appointment of counsel is unnecessary. Mr.

Morales does not require counsel as a matter of due process, and the Court declines to exercise its discretion to appoint counsel. The request will be denied.

### V. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." See, Rule 11(a), Rules Governing § 2254 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Mr. Morales has not made a substantial showing that he was deprived of a constitutional right; his claim is not cognizable in federal habeas. Accordingly, no reasonable jurist would find basis to encourage further proceedings and there are no close questions. A certificate of appealability should be denied.

Based on the foregoing, the Court enters the following:

### ORDER

1. Mr. Morales' motions to proceed in forma pauperis (Docs. 4&7) are GRANTED. The Clerk of Court is directed to waive payment of the filing fee.

2. Mr. Morales' Motion to Appoint Counsel (Doc. 8) is DENIED.

## RECOMMENDATION

1. Mr. Morales' Amended Petition (Doc. 5) should be DENIED.

2. The Clerk of Court should be directed to enter, by separate document, a judgment in favor of Respondents and against Petitioner.

3. A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Morales may file objections to these Findings and Recommendations within fourteen (14) days after service. 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 26th day of August, 2021.

*/s/ John Johnston*
John Johnston
United States Magistrate Judge